**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10606 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00400-CKJ |
| v. | |
| JAIME ALARCON-HERNANDEZ, a.k.a. Jaime Alarcon, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 17, 2013**

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Jaime Alarcon-Hernandez appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

reentry after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Alarcon-Hernandez contends that the district court erred by determining that his prior conviction for attempted second-degree sexual assault constitutes an aggravated-felony conviction under 8 U.S.C. § 1101(a)(43)(A) that bars him from eligibility for a departure under U.S.S.G. § 2L1.2 cmt. n.7. Even if the district court erred in its aggravated-felony determination, it understood that it had the discretion to sentence Alarcon-Hernandez outside of the advisory Guidelines range but declined to do so in light of the 18 U.S.C. § 3553(a) sentencing factors. Alarcon-Hernandez does not contend that the district court imposed a substantively unreasonable sentence, nor would such a contention be availing on this record. Thus, we identify no basis for reversing. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005 (9th Cir. 2012) ("[A]ny erroneous application of [a] departure would be harmless so long as the sentence actually imposed was substantively reasonable.").

**AFFIRMED.**